UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK K.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

1:17-CV-00988 EAW

## INTRODUCTION

Plaintiff Mark K. ("Plaintiff") seeks attorneys' fees in the amount of $46,000.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 18). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 19). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On October 3, 2017, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on February 26, 2018. (Dkt. 8). On October 29, 2018, the Court issued a Decision and Order granting Plaintiff's motion for judgment on the pleadings to the extent that the matter was remanded for further administrative proceedings. (Dkt. 13).

On January 29, 2019, Plaintiff brought a motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), seeking $5,356.17 in legal fees and $440.38 in costs incurred by his legal counsel during his representation. (Dkt. 15). By Stipulated Order filed on February 22, 2019, the Court approved payment of $5,190.38 to Plaintiff's counsel for services performed in connection with this action and $400.00 in costs. (Dkt. 17).

On March 1, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that it withheld $51,117.48 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 18-4 at 3). On August 7, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's child's auxiliary benefits, which stated that it withheld $342.00 to pay for Plaintiff's child's attorneys' fees. (Dkt. 18-6 at 2).

On August 15, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking a total of $46,000.00 in attorneys' fees. (Dkt. 18). In his motion, Plaintiff's counsel indicates that he was awarded the sum of $5,190.38 under the EAJA, which he will refund to Plaintiff. (Dkt. 18-1 at ¶ 24; *see* Dkt. 18-8). The Commissioner filed a response on September 13, 2023 (Dkt. 19), and Plaintiff filed a reply on September 18, 2023 (Dkt. 20). On December 1, 2023, in response to the Court's Text Order, Plaintiff submitted supplemental briefing addressing whether the § 406(b) application was timely filed. (Dkt. 22).

**DISCUSSION**

I.  **Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d). Moreover, it has been determined that the 14-day limitation period is subject to equitable tolling "until the claimant receives notice of the amount of any benefits award. That is because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Sinkler*, 932 F.3d at 85.

Here, the Commissioner issued two Notices of Award—one related to Plaintiff's DIB claim and one associated with Plaintiff's claim for child auxiliary benefits. (Dkt. 18-4; Dkt. 18-6). Even though the Notice of Award associated with Plaintiff's DIB claim was issued on March 1, 2023, it was not until August 9, 2023, when Plaintiff's counsel received the Notice of Award related to Plaintiff's child auxiliary benefits. (Dkt. 18-1 at ¶ 7). Thus, it was not until then that counsel was able to ascertain Plaintiff's total past-due benefits and the maximum attorneys' fees that he could seek under § 406(b). (Dkt. 18-1 at ¶¶ 8-9; Dkt. 18-6; Dkt. 18-10 at 10; Dkt. 22 at ¶ 25). Accordingly, the Court concludes that the timeliness of the present fee application should be assessed from August 9, 2023—the date that Plaintiff's counsel received the Notice of Award related to Plaintiff's child's auxiliary

benefits.  *See Georgette T. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00846-EAW, 2024 WL 1192993, at *2 (W.D.N.Y. Mar. 20, 2024) (concluding that time period for filing § 406(b) motion tolled until notice regarding Plaintiff's child's benefits claim was issued, because until then counsel could not determine the maximum attorneys' fees available, and collecting cases reaching the same conclusion).

Therefore, Plaintiff's application that was filed on August 15, 2023, was timely.

## II.     The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section

406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff seeks $46,000.00 in attorneys' fees and states that this amount is less than 25 percent of Plaintiff's total past-due benefits. (Dkt. 18-10 at 5).[1] Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Indeed, Plaintiff's counsel states that he has represented Plaintiff in this matter for almost ten years, dating back to Plaintiff's initial application at the agency level. (Dkt. 18-1 at ¶ 15). Here, the success of Plaintiff's claim was uncertain as demonstrated by two denials before Plaintiff won a partially favorable decision. (*Id.*; Dkt. 18-3). Accordingly, the hours expended by counsel were reasonable in light of the issues presented and the extent of representation, the extent and character of representation, Plaintiff's counsel's expertise, and the absence of any significant delay in the proceedings caused by counsel. (*See* Dkt. 18-1 at ¶¶ 15-22).

The requested fee would result in a *de facto* hourly rate of $1,782.95 ($46,000.00 divided by 25.8 hours). (*Id.* at ¶ 13; Dkt. 18-7). The Court recognizes that this *de facto* hourly rate is higher than the rates that have been traditionally approved by the courts in

---

[1]  The Commissioner withheld $51,117.48 in attorneys' fees based on its calculation that this amount represented 25 percent of Plaintiff's past-due benefits. (Dkt. 18-4 at 3). Also, the Commissioner withheld $342.00 in attorneys' fees for auxiliary benefits for Plaintiff's child based on its calculation that this amount represented 25 percent of the past-due auxiliary benefits. (Dkt. 18-6 at 2). Plaintiff's counsel waived the fee for the child auxiliary benefits and asked the Commissioner to release the $342.00. (Dkt. 18-1 at ¶ 7; *see* Dkt. 22 at ¶ 22).

this District and is significantly higher than Plaintiff's counsel's normal hourly rate of $300.00 per hour (Dkt. 18-1 at ¶ 23). However, it would be inappropriate to rely exclusively on the *de facto* rate in determining the reasonableness of Plaintiff's application. *See Wells*, 907 F.2d at 371 ("[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."); *see also Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) ("[I]t is inappropriate to exclusively rely on the *de facto* hourly rate, as both the Supreme Court and the Second Circuit have explicitly rejected the lodestar method to determine what is reasonable under § 406(b).").

The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and remand of Plaintiff's application, ultimately resulting in a partially favorable decision. (Dkt. 18-3). Plaintiff's award of benefits was due to counsel's effective and efficient representation when he, while dedicating 25.8 hours, was able to draft the complaint, review the administrative record, and make written submissions advocating for Plaintiff's position. As such, Plaintiff's counsel's efficiency in successfully resolving Plaintiff's matter should not be penalized. *See Torres v. Colvin*, No. 11 Civ. 5309(JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) ("The more efficient the attorney, the fewer hours he will spend

on a task, thus increasing the hourly rate if he invokes his contingency agreement. Thus, to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it."); *Maier v. Apfel*, No. 95 Civ. 9264(JGK), 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("[C]ounsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.").

Though certainly high, a *de facto* hourly rate of $1,782.95 is not completely out of line with the range of rates under § 406(b) approved by courts. *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *James C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01008-EAW, 2023 WL 8014383, at *3 (W.D.N.Y. Nov. 20, 2023) (granting *de facto* hourly rate of $2,047.00 based on counsel's quality and efficiency and collecting cases). In light of the above, the Court finds that a *de facto* hourly rate of $1,782.95 is reasonable. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $5,190.38 to Plaintiff. (Dkt. 17; Dkt. 18-8). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 18) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $46,000.00; and (2) Plaintiff's counsel must refund the previously awarded EAJA fee of $5,190.38 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     April 19, 2024
           Rochester, New York